DAUKSCH, J.,
concurring specially.
The question in this appeal is whether a person may lawfully possess a common pocketknife on school property, or at a school bus stop. The answer is no, unless “as authorized in school sanctioned activities.” § 790.115(2)(a). This statute became effective October 1, 1997 and is unique in its proscription of the common pocketknife because theretofore one could possess such at school. The legislature probably enacted this statute in response to the ruling in L.B. v. State, 700 So.2d 370 (Fla.1997), which held that because the statutory definition of “weapon” at that time specifically excluded common pocketknives, see § 790.001(13), and the statute prohibiting weapons at school did not specifically define weapon, that the legislature must have intended the general definition which excluded common pocketknives.
Thus, the new statute is clear and is not vague in its wording that one cannot have any knife at school.
A person shall not possess any firearm, electric weapon or device, destructive device, or other weapon, including a razor blade, box cutter, or knife, except as authorized in support of school-sanctioned activities, on the property of any school, school bus, or school bus stop.
There was no error in refusing to dismiss the charges or in ruling the statute constitutional.